IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PATRICIA TREVINO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:24-CV-1596-RP |
| | § | |
| COSTCO WHOLESALE CORPORATION | § | |
| and COSTCO TEXAS BEVERAGES, INC., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Plaintiff Patricia Trevino's ("Trevino") Motion to Remand. (Dkt. 8). Defendant Costco Wholesale Corporation filed a response in opposition. (Dkt. 10). Trevino did not file a reply. After considering the parties' arguments and the relevant law, the Court finds that the motion should be denied.

**I. BACKGROUND**

This personal injury suit arises out of a slip-and-fall incident that occurred on July 6, 2024, at a Costco Wholesale located in Pflugerville, Texas. (Original Pet., Dkt. 1-2). Trevino alleges that she injured herself when she slipped on a clear liquid that was on the ground outside of the liquor-sales area of the Costco premises. Trevino filed this action in the 98th Judicial District Court of Travis County, Texas on November 7, 2024. She brings negligence and premises liability claims against Defendants Costco Wholesale Corporation ("Costco Wholesale") and Costco Texas Beverages, Inc. ("Costco Texas Beverages"). (*Id.*).

Costco Wholesale removed the case to this Court on December 30, 2024, on the basis of this Court's diversity jurisdiction. (Dkt. 1). In its notice of removal, Costco Wholesale asserts that it is diverse from Trevino and that Costco Texas Beverages—who is not—was improperly joined.

(*Id.*). Trevino now moves to remand the case back to state court, alleging that Costco Texas Beverages is a proper defendant in this suit and thus this Court does not have diversity jurisdiction over the case. (Dkt. 8).

## II. LEGAL STANDARD

A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction "requires complete diversity— if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). When a properly joined defendant is a resident of the same state as the plaintiff, removal is improper. 28 U.S.C. § 1441(b)(2).

However, "the improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). To establish improper joinder, the removing party has the "heavy" burden, *id.*, to demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Only the doctrine's second prong is before the Court here. (*See* Mot. Remand, Dkt. 8, at 3).

Under the second prong of the improper joinder doctrine, a defendant must establish "that there is no possibility of recovery by the plaintiff against an in-state defendant," which stated differently means "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. A court evaluates

2

the reasonable basis of recovery under state law by "conduct[ing] a Rule 12(b)(6)-type analysis" or "pierc[ing] the pleadings and conduct[ing] a summary inquiry." *Id.*; *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016) (stating that a court may use either analysis, but it must use one and only one). The Court agrees with the parties that the Rule12(b)(6)-type analysis is appropriate here. (*See* Resp. Mot. Remand, Dkt. 10, at 4–5).

In conducting a 12(b)(6)-type analysis, federal pleading standards apply. *Int'l Energy Ventures*, 818 F.3d at 207. Accordingly, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The statements in the complaint must be sufficiently detailed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.*

The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007); *see also Hood ex rel. Mississippi v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013) ("Any ambiguities are construed against removal and in favor of remand to state court."). A district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

## III. DISCUSSION

To recover on her claims, Trevino must establish that either Costco Wholesale or Costco Texas Beverages was a possessor of the premises where she slipped and fell. *City of Denton v. Van Page*, 701 S.W.2d 831, 835 (Tex. 1986). Costco Wholesale asserts that it owned, controlled, and operated the property and that Costco Texas Beverages had "no connection and/or involvement in the subject accident." (Not. Removal, Dkt. 1, ¶ 3). Costco Wholesale further states that Costco Texas Beverages "did not own, manage, operate, or otherwise control the subject premises or the employees." (*Id.* ¶ 17). Costco Wholesale filed a sworn affidavit from Leigh Ann Ruijters, the Complex Claims Specialist for Costco Wholesale, who affirms these representations. (Ruijters Aff., Dkt. 10-1). Ruijters attests that Costco Texas Beverages "is not an operating legal entity and had no involvement in the subject accident." (*Id.* ¶ 5). She attests that Costco Texas Beverages "has never owned, possessed, controlled, operated, or managed the Costco Wholesale warehouse" at issue in this case and has "never employed, supervised, managed, or controlled any of the employees" at that warehouse. (*Id.*). Trevino did not file a reply to respond to Ruijters' affidavit.

Based on these representations, the Court finds that Costco Wholesale is the only proper defendant that is amenable to suit. Given that Costco Texas Beverages had no connection to the premises and did not supervise employees at the premises, Trevino has no valid claim against it. As such, the non-diverse Costco Texas Beverages must be dismissed from this litigation. Because the remaining parties are diverse and the amount in controversy is met, the Court can exercise diversity jurisdiction over the case. Therefore, the Court denies Trevino's motion to remand.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Costco Texas Beverages, Inc. is **DISMISSED** as a party in this suit.

4

**IT IS FURTHER ORDERED** that Trevino's Motion to Remand, (Dkt. 8), is **DENIED**.

**SIGNED** on June 23, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE